United States v. Gil Reyes May it please the court, my name is Alan Nelson and I represent the appellate Franklin B. Gil Reyes Mr. Nelson, could you just pull the mic down? Yes. Thank you. The district court erred by misapprehending its authority to reconsider the applicability of a mitigating role reduction pursuant to 3B.1.2 in denying appellants 3582 motion for resentencing. The error was fundamentally a failure to properly determine the threshold question, eligibility. In determining whether an individual is eligible for a 3582 sentence reduction, Dillon instructs the court initially must follow the mandates of guideline section 1B.1.10. 1B.1.10 provides a resentence is only permissible where an amendment's effect is to lower the prisoner's quote, applicable guideline range. While appellant agrees that the quantity of narcotics involved in the underlying conspiracy on its surface appears to preclude eligibility, the term of art, applicable guideline range, contained in 1B.1.10 mandates a broader review than solely the drug quantity amount. Applicable guideline range is defined in 1B.1.10's commentary as the guideline range determined pursuant to guideline section 1B.1.1. And 1B.1.1A3 specifically requires the court to consider the defendant's role in the offense in determining the applicable guideline range. The F41B1.1 makes clear that the district court was required to consider appellant's role in the offense in determining the threshold question of whether the amendment lowers his applicable guideline range. That suggests that the district court on one of these motions has to recalculate the guideline range. And we've rejected that. I would have thought the applicable guideline range was, what was the applicable guideline range at the time he was sentenced? And if arguments were not made or rejected or whatever, it's too bad. The applicable guideline range was calculated. Why isn't that an appropriate way to look at it? Because 1B.1.10's commentary makes clear that 1B.1.1 is to be followed. And this case is indeed a case of first impression in that every other case, Dillon, Mock, every other case that's been considered with respect to this, dealt with issues that are outside of 1B.1.1. In fact, Dillon makes clear that what's being addressed there is variance in departures. Mock talks about career offender. What- You get basically an appeal of the calculation of your original guidelines. No. Which I don't think is what this provision contemplates. Actually, no. I would submit, Your Honor, that the court's reasoning in refusing to reconsider Appellant's role in the offense is actually the error. And the district court here held that it couldn't reconsider its prior denial of a role reduction because that would require new findings of fact. And Rios, this court made clear, that's not permissible. The district court's error here is that Appellant didn't seek a new factual hearing upon the issue of his role in the offense. Rather, that what he was requesting is for the district court to utilize its prior factual findings and apply those facts to re-evaluate the legal issue of his eligibility for a role pursuant to 3B.1.2. Why isn't that the equivalent of saying, Look, Judge, you found these facts and you didn't give us a role adjustment. That was error. And you had the opportunity to make that argument on appeal. The argument was initially made in sentencing. It was not raised on appeal because we didn't see there was a basis at that time because 3B.1.2, between the date of the imposition of sentence and the time that this motion was made, was substantially revised. And that revision would have had and could have had a significant impact on resentencing here. And that revision, specifically 3B.1.2, now provides that an individual's role in the offense is to be reviewed and considered as it relates to the co-participants in that particular offense, as opposed to the average participant nationwide. And here, in this type of conspiracy, which was a huge, huge, huge quantity of drugs, where my client had a relatively low insular role in the offense, he might have been a big participant in narcotics activity. But as it related to this massive, massive international drug conspiracy, under the new guidelines, it was a very specifically different view. And I would submit that because 1B.1.1 specifically requires an evaluation of role, that the court now had the authority to reevaluate in the context of 3B.1.2 what his role would be. And most significantly here, what would have happened if the court made that determination, he would then have been eligible, pursuant to 2D.1.1A.5, for a significant reduction in his role. That would have been from 38 to 34. That is something that's determined under the drug quantity table. The drug quantity table, in turn, is what 782, the amendment was designed for purposes of dealing with. Yes. Time is up, but I want to make sure I understand your position on one point. Yes. The guidelines at 1B.1.10B.1 say that in applying these amendments, the court shall substitute only the amendments listed in subsection D, and shall leave all other guideline application decisions unaffected. That latter language suggests that there is to be no recalculation of the guidelines, and I don't understand how you get around that. Help me out. I get around it by the application note 1A, which states, eligibility for consideration under 18 United States Code Section 3582C2 is triggered only by an amendment listed in subsection D that lowers the applicable eyeguide range, i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B.1.1A. That means the guideline range calculated by the court. Not the guideline range agreed to by the parties. They may have agreements among themselves and all that. This guideline would be meaningless when it says you leave all other guideline application decisions unaffected. You're basically saying that applicable guideline range means a recalculation at the time you apply the amendments. And that's contrary to the language I just quoted you. Actually, it's not, I would suggest, because of the paren, which indicates, i.e., guideline range is determined as a term of art by going through the five factors articulated in 1.1. All right. You may be free to go ahead. We'll hear from the court. Thank you, Your Honor. Thank you. Thank you. May it please the court, my name is Nadia Moore for the United States. Gil Reyes claims that the district court here misapprehended its authority in determining whether he was eligible for a sentence reduction pursuant to Section 3582C to disregard its prior determination that he was ineligible for a mitigating rule reduction. He's wrong. A court may reduce a defendant's sentence pursuant to Section 3582C only where the defendant's sentencing range has been lowered by an amendment to the guidelines and only if such a reduction is consistent with the applicable policy statements. As Gil Reyes conceded below, Amendment 782 has no effect on his guideline range and as such any reduction in his sentence would be unauthorized. He seeks instead to ignore the clear and unambiguous language of Section 1B110 to allow for a full re-sentence, something that is explicitly prohibited in a 3582C proceeding. He wants his applicable guidelines recalculated. Yes. And you've heard counsel cite the parts of the guideline commentary that he thinks authorized that. Why don't you tell us why you don't think we should follow that construction? First, 1B110 is unambiguous in that it says that the thing that needs to lower the sentence has to be the amendment to the guidelines. The amendment to the guidelines here, Amendment 782, changed the drug quantity table and for this defendant, that change to the drug quantity table has no effect on the calculation of his guidelines because the amount of drugs that he was responsible for still puts him at the highest possible level. In looking then to the commentary once the actual Section 1B110 is no help to him, he seems to ignore the exact same sentence that he seems to rely upon in support of his argument. The same sentence that he looks to in the commentary makes clear that the defendant is only eligible, again, it makes the same argument, where the amendment is what's lowering the defendant's guideline. He doesn't argue that the amendment has any effect on his guideline because it doesn't. And then he tries to claim that by looking at 1B1, you have to recalculate the guidelines and make new and contrary findings that the court previously made at sentencing. That's not what this contemplates, as I think you were referring earlier. It's just making clear what the applicable guideline range is. But at any event, what needs to be the thing triggering the change to the guidelines, as is clear in Section 1B110, has to be the amendment, which hasn't changed his guidelines at all here. And if there are no other questions, we'll rest on our papers. Thank you. Thank you. Nelson, you reserved a minute for rebuttal. If I might just very briefly, 1B1.10's commentary, in fact, creates an ambiguity. A reading and a plain reading of the commentary contradicts what the first sentence says. The paren, in essence, directly contradicts that it relies solely upon the amendment, but rather says return to 1B1.1. That creates a reason for the Court to, one, look to the rules of lenity, as I've set forth in my brief, which I won't go into in detail at this point, and, second, I wish to emphasize that this is, to some extent, a case of first impression. Every other decision concerning 3582 decisions dealt with factors that were outside of those specifically and clearly enumerated in 1B1.1. Dillon deals with variances and departures. Mock deals with the career offender determination. Rios deals with the question of whether or not, if there were no findings of fact on drug quantity made below, there needs to be a hearing to determine drug quantity. No case has ever dealt with the question of whether or not there is an ambiguity here and that the Court needs to look through the 1B1.1 factors. Thank you. We'll take the case under advisement. The last case on our calendar, Cutter v. Colvin, is submitted. So we stand adjourned. Court is adjourned.